Reza Yassi, Pro Hac Vice Application Pending
246 5th Avenue, Suite 508
New York City, NY 10001
Telephone: (646) 992-2138
Email: ry@yassilaw.com

Seth W. Wiener, California State Bar No. 203747
LAW OFFICES OF SETH W. WIENER
609 Karina Court
San Ramon, CA 94582
Telephone: (925) 487-5607
Email: seth@sethwienerlaw.com

Attorney for Plaintiff
GIFTCASH INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GIFTCASH INC., | Case No.: 3:23-cv-2146 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| THE GAP, INC.; BANANA REPUBLIC, LLC.; OLD NAVY, LLC; DIRECT CONSUMER SERVICES, LLC; AND DOES 1-10, | |
| Defendants. | |

### **INTRODUCTION**

1.  Plaintiff GiftCash Inc. ("GiftCash" or "Plaintiff") brings this Complaint against The Gap, Inc., Banana Republic, LLC, Old Navy, LLC, Direct Consumer Services, LLC, and Does 1-10, to stop then from disposing of, diminishing, devaluing, or continuing to dispose of, diminish, or devalue the gift cards legally belonging to GiftCash. Some of these gift cards that were devalued overnight have already been sold to the general public. Thus, Defendants' unilateral devaluation of the gift cards harms the general public.

2. Plaintiff seeks a preliminary injunction and/or a temporary retraining Order, compelling Defendants to revalue those gift cards they have already devalued and preventing Defendants from devaluing any other gift cards legally in GiftCash's possession or which GiftCash has sold to third parties.

**THE PARTIES**

3. Plaintiff GiftCash Inc. ("GiftCash") is a company incorporated under the laws of Canada, and has its principal place of business at 104-1377 Cormorant Rd, Ancaster, Ontario, Canada, L9G 4V5.

4. Plaintiff alleges on information and belief that Defendant The Gap, Inc. ("Gap") is a corporation incorporated in the State of Delaware, and has its principal place of business in the County of San Francisco, California.

5. Plaintiff alleges on information and belief that Defendant Banana Republic, LLC. ("Banana Republic") is a limited liability company organized under the laws of the State of Delaware, and has its principal place of business in the County of San Francisco, California, and that none of Banana Republic's members are residents of Canada.

6. Plaintiff alleges on information and belief that Defendant Old Navy, LLC ("Old Navy") is a limited liability company organized under the laws of the State of Delaware, and has its principal place of business in the County of San Francisco, California, and that none of Old Navy's members are residents of Canada.

7. Plaintiff alleges on information and belief that Defendant Direct Consumer Services, LLC ("DCS") is a limited liability company organized under the laws of the State of California, and has its principal place of business in the County of San Francisco, California, and that none of DCS's members are residents of Canada.

8. Plaintiff is ignorant of the true names and capacities of the Defendants sued herein as Does 1-10, and therefore sue these Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained.

9. At all times relevant herein, and at the time of the transactions complained of, each of the Defendants were the agent and employee of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency.

# JURISDICTION

10. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of this state and citizens of a foreign state.

# VENUE

11. Venue is proper in District pursuant to 28 U.S.C. § 1391(b)(1) and (2) because certain defendants reside in this District and all of the Defendants are residents of the State of California, and a substantial part of the events or omissions giving rise to the claim occurred in this District.

# FACTS

12. Gap is an American retailer based in San Francisco, California, sells clothing and accessories worldwide. As of 2022, Gap. was the fourth largest clothing retail company in the United States, with annual revenue of around $15.89 billion and operating 3,727 stores worldwide.[1]

13. Gap operates six primary subsidiaries, including Banana Republic and Old Navy. Old Navy has 1,252 store locations in the United States, Gap has 556 store locations in the United States, and Banana Republic has 471 store locations in the United States.[2]

14. Gap, Old Navy and Banana Republic (collectively, the "Gap Companies") have gift card programs through which customers can purchase both physical and "eGift" cards.[3]

15. Old Navy,[4] Gap,[5] and Banana Republic[6] all sell gift cards on their respective websites and in stores. Said gift cards are advertised as redeemable "at any of our brands online and in stores." [7]

---

[1] https://www.zippia.com/advice/largest-clothing-companies/
[2] https://fintel.io/doc/sec-gap-inc-39911-10k-2022-march-15-19066-1361 (See "Item 7 Management's Discussion and Analysis of Financial Condition and Results of Operations. Our Business).
[3] https://www.gap.com/customerService/info.do?cid=2116
[4] https://oldnavy.gap.com/browse/info.do?cid=35433
[5] https://www.gap.com/customerService/info.do?cid=2116&sitecode=GPSSSEARCH&mlink=39813,29693256,SEARCHBAR_GIFTCARD
[6] https://bananarepublic.gap.com/customerService/info.do?cid=61830&amp%3Bmlink=5001%2C1%2C3&amp%3Bclink=1&tid=brps015990&kwid=1&ap=7&gclid=CjwKCAjwxr2iBhBJEiwAdXECw7pG7vfUZZ2uzZzfuWUfP55opO-X9VJYjJYHPjcXcuSukO4KWSWUGRoC6CAQAvD_BwE&gclsrc=aw.ds
[7] https://www.gap.com/customerService/info.do?cid=2116

Complaint – Page 3

16. Plaintiff GiftCash Inc. is in the business of purchasing and selling gift cards on the secondary market. Plaintiff operates its own online marketplace where it buys and sells gift cards and sells gift cards using other virtual marketplaces. GiftCash also obtains gift cards from the Gap Companies.

17. GiftCash is MSB registered (ID No.: 31000183787306) and implements a thorough Know Your Customer ("KYC") policy.

18. GiftCash and companies like it fill a much-needed market inefficiency that benefits consumers. Their business model allows gift card holders to obtain cash for unwanted gift cards. This is especially critical for gift card holders of companies that do not provide cash refunds, such as the Gap Companies.[8] Further, GiftCash's business model allows consumers to purchase gift cards at a discount. Thus, this secondary market is critical and beneficial to consumers.

19. As of April 18, 2023, Plaintiff possessed:

    a. 219 Banana Republic gift cards with a total value of $34,300.00;

    b. 2,187 Gap gift cards with a total value of $359,295.00; and

    c. 208 Old Navy gift cards with a total value of $47,400.00;

20. Further, as of April 18, 2023, Plaintiff had sold the following gift cards to consumers over the prior two weeks:

    d. 16 Banana Republic gift cards with a total value of $3,150.00;

    e. 38 Gap gift cards with a total value of $6,159.00; and

    f. 92 Old Navy gift cards with a total value of $15,050.00.

21. On April 19, 2023, GiftCash began receiving calls from customers and vendors regarding devalued gift cards.

22. From April 19 to April 21, 2023, Colin Moffat, the CEO of GiftCash, reached out to Old Navy and Gap, on several occasions to ascertain why the Gap Companies had devalued 2,614 gift cards worth over $440,000.00 overnight. Although he did not receive a definitive answer, Defendans claimed there was "suspected fraud."

---

[8] https://www.gap.com/customerService/info.do?cid=1192372

Complaint – Page 4

23. On April 26, 2023, Plaintiff's counsel, Reza Yassi, contacted Gap's Executive Vice President and Chief Legal and Compliance Office, Julie Gruber, regarding the devalued gift cards. Gruber directed Yassi to Gap's Senior Counsel, Jennifer Yoo. Thereafter, Yassi began corresponding about the devaluation of the gift cards. On April 26, 2023, Yassi sent Yoo the code for three of the devalued gift cards. On April 27, 2023, Yassi followed up to get an update or explanation as to why the cards were devalued. Yoo informed Yassi that the codes provided were "associated with suspended accounts that were served trespass letters." Yassi informed Yoo that Plaintiff has never received a "trespass letter."

24. On May 1, 2023, Yoo informed Yassi that the "trespass letters" would have been sent to the account holders "directly in the last couple of years.". Yoo also requested a complete list of all the devalued gift cards, which Yassi provided on the same date.

25. Gap has not explained why it has converted over $440,000.00 from GiftCash and GiftCash customers or what authority it has to take such actions.

## First Cause of Action

## Violation of California Business and Professions Code Sections 17200, et seq.

26. Plaintiff hereby re-alleges and incorporates all allegations raised in prior paragraphs as though fully set forth herein.

27. Defendants have committed unfair competition, as defined by California Business and Professions Code Sections 17200, et seq., by engaging in an anticompetitive scheme to devalue a competitor's product and receive an illegal windfall.

28. The acts, omissions, misrepresentations, practices, and non-disclosures of Defendants, as described above, constitute a common and continuing course of conduct of unfair competition employing unfair, unlawful, and/or fraudulent business acts or practices with the meaning of Sections 17200, et seq., including, but not limited to violation of California Civil Code Section 1749.6; California Business and Professions Code Sections 17500, et seq., a breach of contract and conversion.

29. Defendant's acts, omissions, misrepresentations, practices, and nondisclosures are unfair, unconscionable, unlawful, and/or fraudulent, independently of whether they constitute a violation of California Civil Code Section 1749.6; California Business and Professions Code Sections

17500, et seq., a breach of contract and conversion. Defendants' acts or practices are fraudulent or deceptive within the meaning of Sections 17200, et seq.

30. Defendants' conduct was carried out, effectuated, and perfected within the state of California. During the period, Defendants maintained headquarters in California, where their employees engaged in communications, meetings, and other activities in furtherance of Defendants' devaluation scheme.

31. Defendants have devalued 2,614 gift cards worth $440,995.00. This is not a single act, but 2,614 different acts of devaluation. Further, upon information and belief, the acts are ongoing.

32. Defendants' unilateral devaluation of gift cards is harmful to both Plaintiff and consumers at large.

33. Because of the foregoing, Plaintiff is entitled to the application of California law and is entitled to full restitution and/or disgorgement of all revenues and earnings.

34. Plaintiff should be awarded attorney fees as this matter pertains to the public interest.

## Second Cause of Action

## Violation of California Business and Professions Code Sections 17500, et seq.

35. Plaintiff hereby re-alleges and incorporates all allegations raised in prior paragraphs as though fully set forth herein.

36. Defendants made false, deceptive, and/or misleading statements in connection with the advertising and marketing of their gift cards.

37. Defendants made representations and statements (by omission and commission) that led reasonable customers to believe that the gift cards were usable like cash and could not be unilaterally devalued.

38. Plaintiff relied to their detriment on Defendants' false, misleading, and deceptive advertising and marketing practices, including the misrepresentations and omissions set forth above.

39. Had the Plaintiff been adequately informed and not intentionally deceived by Defendants, Plaintiff would have acted differently by, without limitation, refraining from purchasing the gift cards.

40. Defendants' acts and omissions are likely to deceive the general public.

Complaint – Page 6

41. Defendants engaged in these false, misleading, and deceptive advertising and marketing practices to increase their profits. Accordingly, Defendant has engaged in false advertising, as defined and prohibited by Sections 17500, et seq. of the California Business and Professions Code.

42. Defendants' acts and omissions are likely to deceive the general public.

43. The aforementioned practices, which Defendants used, and continues to use, for their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors, including Plaintiff, and injury to the general public.

44. As a direct and proximate result of such actions, Plaintiff has suffered, and continues to suffer, injury in fact and has lost money and/or property as a result of such false, deceptive, and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

### Third Cause of Action

### Breach of Contract

45. Plaintiff hereby re-alleges and incorporates all allegations raised in prior paragraphs as though fully set forth herein.

46. The parties entered into a contract when Plaintiff obtained gift cards from Defendants.

47. The contract does not permit Defendants to devalue gift cards unilaterally.

48. The Defendants unilaterally devalued gift cards.

49. The devaluation constitutes a material breach of the contract.

50. As a result of the breach of the contract, Plaintiff has suffered damages.

### Fourth Cause of Action

### Conversion

51. Plaintiff hereby re-alleges and incorporates all allegations raised in prior paragraphs as though fully set forth herein.

52. California Civil Code Section 1749.6 states: "A gift certificate constitutes value held in trust by the issuer of the gift certificate on behalf of the beneficiary of the gift certificate. The value represented by the gift certificate belongs to the beneficiary, or to the legal representative of the beneficiary to the extent provided by law, and not to the issuer." Cal. Civ. Code § 1749.6(a).

53. Thus, it is clear that the value held in the gift cards belonged to GiftCash and not to the Gap Companies.

54. The Gap Companies have wrongfully taken possession of and/or have interfered with GiftCash's ability to use the gift cards by "devaluing" the gift cards.

55. The Gap Companies' conversion has caused damages and irreparable harm to the Plaintiff and consumers who have purchased the gift cards.

### Fifth Cause of Action

### Money Had and Received/Unjust Enrichment/Restitution

56. Plaintiff hereby re-alleges and incorporates all allegations raised in prior paragraphs as though fully set forth herein.

57. Plaintiff has conferred a monetary benefit to the Gap Companies as the Gap Companies are benefiting from a windfall by devaluing the gift cards.

58. The Gap Companies received and have money intended to be used for the benefit of, and rightfully belongs to, GiftCash.

59. The money was not used for the benefit of Plaintiff. Instead, the Gap Companies have retained possession of windfall benefits that they received by devaluing the gift cards.

60. Plaintiff has been damaged as a result of Defendants' conduct.

61. Plaintiff, therefore, seeks an order requiring Defendants to make restitutions.

### Tortious Interference with Contractual Relations

62. Plaintiff hereby re-alleges and incorporates all allegations raised in prior paragraphs as though fully set forth herein.

63. Plaintiff has valid contracts with the purchasers of the gift cards and third-party sellers.

64. Defendants knew and/or should have known of the existence of these contracts.

65. Defendants' intentional acts were designed to induce a breach or disruption of the contractual relationships between Plaintiff and its customer and third-party sellers.

66. There was an actual breach or disruption of the contractual relationship between Plaintiff and its customers and third-party sellers.

67. Defendants' actions have caused damages to Plaintiff, and Plaintiff seeks all applicable recoverable damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

1. For compensatory damages in an amount to be determined at trial, but not less than $440,995.00;

2. For punitive damages in an amount to be determined at trial;

3. For restitution and disgorgement;

4. For injunctive relief;

5. For attorney's fees;

6. For prejudgment and postjudgment interest;

7. For costs of suit; and

8. Such other and further relief as the Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and Local Civil Rule 3-6, Plaintiff demands a jury trial on all claims so triable.

Dated: May 3, 2023					LAW OFFICES OF SETH W. WIENER

By:_____
Seth W. Wiener
Attorney for Plaintiff
GIFTCASH INC.

Complaint – Page 9